1  **GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
2  **JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
3  **RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway, Suite 100
4  Henderson, Nevada 89052
Telephone: (702) 477-7774
5  ranalliservice@ranallilawyers.com
Attorney for Defendant,
6  *WALGREEN CO. d/b/a WALGREENS*

7              **UNITED STATES DISTRICT COURT**

8                **FOR THE DISTRICT OF NEVADA**

9  LANCE J. MATTHEWS,                    )
                                         )  CASE NO.:   2:23-cv-01617
10       Plaintiff,                      )
                                         )
11  vs.                                  )
                                         )
12  WALGREEN CO. d/b/a WALGREENS, a      )  **NOTICE OF REMOVAL OF**
Foreign Corporation; DOES I-X, ROE      )  **ACTION UNDER 28 U.S.C.**
13  SECURITY COMPANIES I-X; DOE          )  **§ 1441 (B) (DIVERSITY)**
SECURITY GUARDS I-X, and ROE            )
14  ENTITIES I-X,                        )
                                         )
15       Defendants.                     )
    _____)

16      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

17      PLEASE TAKE NOTICE that Defendant WALGREEN CO. d/b/a

18  WALGREENS hereby removes to this Court the state court action

19  described below.

20      1. On September 6, 2023, an action was commenced in the

21  District Court for Clark County, Nevada, Case No: A-23-877280-C

22  entitled LANCE J. MATTHEWS v. WALGREEN CO. d/b/a WALGREENS, a

23  Foreign Corporation; DOES I-X, ROE SECURITY COMPANIES I-X; DOE

24  SECURITY GUARDS I-X, and ROE ENTITIES I-X. A copy of the

    Complaint and Initial Appearance Fee Disclosure are attached

                              1

hereto as **Exhibits A and B.**

2. Defendant *WALGREEN CO. d/b/a WALGREENS* received a copy of said Complaint on September 15, 2023, when Defendant's agent accepted service of said Summons and Complaint on its behalf. A copy of the Summons **Exhibit C.**

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Plaintiff is a citizen of the State of Nevada. Defendant WALGREEN CO. d/b/a WALGREENS was at the time of filing this action, and still is, a corporation incorporated under the laws of the State of Illinois, having its principal place of business at Deerfield, Illinois.

5. On October 6, 2023, Defendant WALGREEN CO. d/b/a WALGREENS filed its Initial Appearance Fee Disclosure, Answer to Plaintiff's Complaint and Demand for Jury Trial. A copy of the Initial Appearance Fee Disclosure, Answer to Plaintiff's Complaint and Demand for Jury Trial are attached as **Exhibits D, E and F.**

6. On September 6, 2023, Plaintiff filed a Complaint asserting that Plaintiff was attacked by shoplifter and injured

Plaintiff causing injury to his knees. Plaintiff alleges he, "has incurred over two hundred thousand dollars in medical specials," (See Exhibit A at p. 3 l. 1), and seeks general damages in excess of $15,000.00, id. at p. 6 l. 15 - 16, so it is clear that the amount in controversy exceeds $75,000.

7.    Removal is timely as Defendant WALGREEN CO. d/b/a WALGREENS filed this notice of removal within thirty days of Plaintiff serving his Complaint on Defendant on September 15, 2023, which is the first paper in the action indicating a case value, and within one year of the Complaint's filing. 28 U.S.C. § 1446(b)(1). (See Harris vs. Bankers Life & Cas. Co. 425 F.3d 689, 694 (9th Cir. 2005)).

DATED this 6th day of October, 2023.

RANALLI ZANIEL FOWLER & MORAN, LLC

*/s/ Jason Andrew Fowler*
_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
Attorney for Defendant,
*WALGREEN CO. d/b/a WALGREENS*

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**CERTIFICATE OF SERVICE**

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of RANALLI ZANIEL FOWLER & MORAN, LLC, and that on the 6th day of October, 2023, I caused the foregoing **NOTICE OF REMOVAL OF ACTION UNDER 28. U.S.C. § 1441 (B) (DIVERSITY)** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ] by hand delivery to the parties listed below; and/or

[x] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

David J. Churchill, Esq.
Jolene J. Manke, Esq.
**INJURY LAWYERS OF NEVADA**
4100 Meadows Lane
Las Vegas, Nevada 89107
Attorneys for Plaintiff,
Lance J. Matthews

*/s/ Vicki Perez*

_____
**An Employee of**
**RANALLI ZANIEL FOWLER & MORAN, LLC**

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

# EXHIBIT A

Electronically Filed
9/6/2023 7:51 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
DAVID J. CHURCHILL (SBN: 7308)
JOLENE J. MANKE (SBN: 7436)
**INJURY LAWYERS OF NEVADA**
4100 Meadows Lane
Las Vegas, NV 89107
T: 702-868-8888
F: 702-868-8889
david@injurylawyersnv.com
jolene@injurylawyersnv.com
*Attorneys for Plaintiff*

CASE NO.: A-23-877280-C
Department 9

## DISTRICT COURT

## CLARK COUNTY, NEVADA

LANCE J. MATTHEWS,

        Plaintiff,

vs.

WALGREEN CO. d/b/a WALGREENS, a
Foreign Corporation; DOES I-X, ROE
SECURITY COMPANIES I-X; DOE
SECURITY GUARDS I-X, and ROE
ENTITIES I-X,

        Defendants.

CASE NO.:
DEPT. NO.:

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

Exemption Requested: Damages Exceed
$50,000.00

Plaintiff LANCE J. MATTHEWS, by and through his counsel DAVID J. CHURCHILL, ESQ. and JOLENE J. MANKE, ESQ. of INJURY LAWYERS OF NEVADA, hereby complains and alleges against Defendants, and each of them, as follows:

## THE PARTIES

1.     Plaintiff LANCE J. MATTHEWS ("Plaintiff"), at all times relevant hereto, was and is a resident of Clark County, Nevada.

2.     Upon information and belief, at all times relevant herein, Defendant WALGREEN CO. d/b/a WALGREENS ("Walgreens"), was and is a foreign corporation conducting business in Clark County, Nevada.

/ / /

/ / /

/ / /

3.      At all times relevant hereto, Walgreens owned, operated and/or leased a portion of the real property located at or near 2400 E. Tropicana Avenue, in Las Vegas, Nevada, commonly known as Walgreens ("subject Walgreens pharmacy"), as part of its chain of pharmacies providing prescription services, over-the-counter remedies, health and wellness products, services and information to the public.

4.      At all times relevant hereto, Walgreens was responsible for keeping patrons of the subject Walgreens pharmacy safe from unreasonable harm and threat of harm while on its premises.

5.      Upon information and belief, each of the Defendants, including those designated herein as DOES I-X, ROE SECURITY COMPANIES I-X; DOE SECURITY GUARDS I-X, and ROE ENTITIES I-X, are legally responsible for the events and happenings stated in this complaint, and, thus, proximately caused the injuries and damages to Plaintiff for negligently, or in some other actionable manner, proximately causing Plaintiff's injuries and damages as herein alleged for failing to provide adequate protections and security, acting in a way which invited crime to the subject Walgreens pharmacy's premises and failing to keep the premises free from dangerous and harmful conditions.  At such time that Plaintiff determines the true identity of the DOES, ROE SECURITY COMPANIES, DOE SECURITY GUARDS and ROE ENTITIES, Plaintiff will seek leave of this Court to amend this complaint to set forth the proper names of those Defendants as well as asserting appropriate charging allegations.

6.      On information and belief, DOES I-X, ROE SECURITY COMPANIES, DOE SECURITY GUARDS I-X and ROE ENTITIES I-X were involved in the initiation, approval, support and/or execution of the wrongful acts upon which this litigation is premised, or similar actions of which Plaintiff is presently unaware.

**JURISDICTION AND VENUE**

7.      All the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.  Specifically, all actions giving rise to the subject lawsuit took place at 2400 E. Tropicana Avenue, in Las Vegas, Nevada which is a location that Walgreens owns, operates and/or leases.  Plaintiff's injuries and subsequent medical treatment occurred in Clark County, Nevada.

Plaintiff has incurred over two hundred thousand dollars in medical specials as a result of the injuries sustained herein.  Venue is proper in Clark County, Nevada pursuant to NRS 13.040.  The exercise of jurisdiction by the Court over the parties in this civil action is proper pursuant to NRS 14.065 and NRS 4.370(1).

## FACTS COMMON TO ALL CAUSES OF ACTION

8.    Prior to September 25, 2021, Defendants, and each of them, had notice that the subject Walgreens pharmacy is located in a dangerous, high-crime area, that numerous crimes had previously occurred on the property, that criminals from the community came onto the premises and committed violent criminal acts, and that a stronger security presence was required to keep patrons of the subject Walgreens pharmacy safe.

9.    Prior to September 25, 2021, Defendants, and each of them, had notice of violence, including, but not limited to, physical altercations, occurring at pharmacies such as the subject Walgreens pharmacy, both locally and nationally.

10.    Prior to September 25, 2021, Defendants, and each of them, had notice that shoplifting was a frequent occurrence at the subject Walgreens wherein thieves would routinely steal from the subject Walgreens due to lack of security presence.

11.    Prior to September 25, 2021, Defendants, and each of them, had notice criminal acts were commonplace at or about the subject property location yet Walgreens failed to maintain a meaningful security presence to protect store patrons from criminal conduct.

12.    On or about September 25, 2021, Defendants, and each of them, knew that patrons would be on the premises of the subject Walgreens pharmacy, yet, negligently failed to take action to keep patrons of the subject Walgreens pharmacy free from unreasonable harm or threat of harm while on the premises.

13.    On or about September 25, 2021, Plaintiff was a lawful patron inside the subject Walgreens pharmacy who observed a shoplifter filling a backpack with store merchandise.

14.    Plaintiff notified a store manager regarding the action of the shoplifter and then proceeded to the checkout stand.

15.    When the shoplifter was exiting the Walgreens, the shoplifter passed the checkout stand where Plaintiff was located with a female companion. The shoplifter threatened the female companion for "snitching" as he approached the checkout stand near the store exit.

16.    Plaintiff stepped in between his female companion and the shoplifter because there was no security present to protect either Plaintiff or his companion. The shoplifter attacked and injured Plaintiff causing injury to his knees.

## FIRST CAUSE OF ACTION

### (Negligence)

17.    Plaintiff hereby repeats, re-alleges and incorporates by reference each and every allegation set forth in the above paragraphs as though each were set forth herein verbatim.

18.    Defendants, and each of them, owed a duty of care to Plaintiff to keep the subject Walgreens pharmacy free of unreasonably dangerous and unsafe conditions, to take reasonable steps to reduce or curtail the amount of crime at the premises, and to avoid acting in a way to invite crime to the premises.

19.    Defendants, and each of them, created an unreasonably dangerous and unsafe condition by failing to provide an adequate security presence at the subject Walgreens pharmacy.

20.    Defendants, and each of them, breached their duties owed to Plaintiff by their negligence, carelessness, lack of due care and prudence by failing to provide adequate security, including, but not limited to, the following:

a.    Failing to provide adequate security of the subject Walgreens pharmacy patrons;

b.     Failing to take adequate measures to ensure the safety of the subject Walgreens pharmacy patrons;

c.     Failing to provide an adequate number of guards and/or patrols at the subject Walgreens pharmacy;

d.     Failing to properly, responsibly and prudently hire and train security personnel;

e.     Failing to properly, responsibly and prudently manage the subject Walgreens pharmacy premises;

f.     Failing to properly, responsibly and prudently supervise and/or manage security personnel once they were hired;

g.     Failing to properly, responsibly and prudently train security personnel or instruct them as to their duties; and

h.     Actively or passively allowing criminal activities to take place on the subject Walgreens pharmacy's premises.

21.     Upon information and belief, Defendants knew or should have known that the subject Walgreens pharmacy is and was located in a high-crime area, and needed added security measures to deal with the same.

22.     Upon information and belief, Defendants knew or should have known the subject Walgreens pharmacy had numerous past violent incidents involving shoplifting which were substantially similar in nature so as to put Defendants on notice that the area and location was prone to violent criminal acts against the subject Walgreens pharmacy's patrons and third parties.

23.     Upon information and belief, Defendants knew or should have known that security measures for the subject Walgreens pharmacy were inadequate.

24.     Defendants owed Plaintiff the duty to exercise due care not to subject Plaintiff to a foreseeable risk of harm.

25.     As a direct and proximate result of the negligent actions of Defendants, Plaintiff sustained bodily injury.

26.     As a further and direct and proximate result of Defendants' actions, Plaintiff has suffered loss of income.

27.     As a further direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer mental pain in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, reserving the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays for judgment of this Court against Defendants, and each of them, as follows:

1.     Special damages for medical expenses in an amount according to proof at trial;

2.     General damages for Plaintiff LANCE J. MATTHEWS' physical and mental pain, in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

3.     Attorneys' fees reasonably incurred herein;

4.     Costs incurred by Plaintiff in bringing his claims;

5.     Prejudgment interest as provided by law; and

6.     Any and all other relief, whether at law or in equity, to which Plaintiff is justly entitled, as the Court may deem just and proper.

DATED this 6TH day of September, 2023.

INJURY LAWYERS OF NEVADA

DAVID J. CHURCHILL (SBN: 7308)
JOLENE J. MANKE (SBN: 7436)
4100 Meadows Lane
Las Vegas, NV 89107
*Attorneys for Plaintiff*

# DEMAND FOR JURY TRIAL

Plaintiff LANCE J. MATTHEWS, by and through his attorneys David J. Churchill, Esq. and Jolene J. Manke, Esq. of INJURY LAWYERS OF NEVADA hereby demands a jury trial of all of the issues in the above matter.

DATED this 6th day of September, 2023.

INJURY LAWYERS OF NEVADA

By: _____
DAVID J. CHURCHILL (SBN: 7308)
JOLENE J. MANKE (SBN: 7436)
4001 Meadows Lane
Las Vegas, NV 89107
*Attorneys for Plaintiff*

**EXHIBIT B**

Electronically Filed
9/6/2023 7:51 PM
Steven D. Grierson
CLERK OF THE COURT

1    **IAFD**
DAVID J. CHURCHILL (SBN: 7308)
2    JOLENE J. MANKE (SBN: 7436)
**INJURY LAWYERS OF NEVADA**
3    4100 Meadows Lane
Las Vegas, NV 89107
4    T: 702-868-8888
F: 702-868-8889
5    david@injurylawyersnv.com
jolene@injurylawyersnv.com
6    *Attorneys for Plaintiff*

CASE NO.: A-23-877280-C
Department 9

7

8                     **DISTRICT COURT**

9               **CLARK COUNTY, NEVADA**

10    LANCE J. MATTHEWS,            CASE NO.:
                                        DEPT. NO.:
11               Plaintiff,
   vs.

12    WALGREEN CO. d/b/a WALGREENS, a       **INITIAL APPEARANCE FEE**
Foreign Corporation; DOES I-X; ROE              **DISCLOSURE**
13    SECURITY COMPANIES I-X; DOE
SECURITY GUARDS I-X; and ROE
14    ENTITIES I-X, inclusive,

15              Defendants.

16

17             **INITIAL APPEARANCE FEE DISCLOSURE**

18        Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

19    parties appearing in the above-entitled action as indicated below:

20            LANCE J. MATTHEWS     <u>$270.00</u>

21            TOTAL REMITTED:     $270.00

22    DATED this 6TH day of September, 2023.

23                 **INJURY LAWYERS OF NEVADA**

24

25            By: _____
                      DAVID J. CHURCHILL (SBN: 7308)
26                   JOLENE J. MANKE (SBN: 7436)
                      4001 Meadows Lane
27                   Las Vegas, NV 89107
                      *Attorneys for Plaintiff*
28

# EXHIBIT C

Electronically Filed
9/18/2023 11:07 AM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**
DAVID J. CHURCHILL (SBN: 7308)
JOLENE J. MANKE (SBN: 7436)
**INJURY LAWYERS OF NEVADA**
4100 Meadows Lane
Las Vegas, NV 89107
T: 702-868-8888
F: 702-868-8889
david@injurylawyersnv.com
jolene@injurylawyersnv.com
*Attorneys for Plaintiff*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

LANCE J. MATTHEWS,

            Plaintiff,

vs.

WALGREEN CO. d/b/a WALGREENS, a
Foreign Corporation; DOES I-X; ROE
SECURITY COMPANIES I-X; DOE
SECURITY GUARDS I-X; and ROE
ENTITIES I-X, inclusive,

            Defendants.

CASE NO.:    A-23-877280-C
DEPT. NO.:

**SUMMONS**

**NOTICE:    YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

TO THE DEFENDANT:  **WALGREEN CO. d/b/a WALGEENS**

      1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

           a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the court.
           b)   Serve a copy of your response upon the attorney whose name and address is shown below.

      2.      Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

/ / /

/ / /

/ / /

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your responses may be filed on time.

Issued at direction of:

INJURY LAWYERS OF NEVADA

CLERK OF COURT

DAVID J. CHURCHILL (SBN: 7308)
JOLENE J. MANKE (SBN: 7436)
4001 Meadows Lane
Las Vegas, NV 89107

DEPUTY CLERK                    9/7/2023
                                Date

Demoura Palmer

# AFFIDAVIT OF SERVICE

Job # 24886

**Client Info:**

Injury Lawyer of Nevada
Injury Lawyer of Nevada
4001 Meadows Lane
Las Vegas, NV 89107

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | District Court |
| LANCE J. MATTHEWS, | Court Division: Dept. No.: 9 |
| -versus- | County of Clark, Nevada |
| **DEFENDANT:** | |
| WALGREEN CO. d/b/a WALGREENS, a Foreign Corporation; DOES I-X; ROE SECURITY COMPANIES I-X; DOE SECURITY GUARDS I-X; and ROE ENTITIES I-X, inclusive, | Issuance Date: 9/11/2023 Court Case # **A-23-877280-C** |

**Service Info:**

**Date Received: 9/11/2023** at **09:42 AM**
**Service:** I Served **WALGREEN CO. d/b/a WALGREENS**
With: **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL**
by leaving with **Kris, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business RA: CORPORATION SERVICE COMPANY - 112 N. CURRY ST. CARSON CITY, NV 89703**
Latitude: **39.164480**,   Longitude: **-119.768174**

On **9/15/2023** at **10:20 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL** to: **Kris , AUTHORIZED TO ACCEPT FOR R.A. COMPANY** at the address of: **RA: Corporation Service Company - 112 N. Curry St. Carson City, NV 89703** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **24886**

SUBSCRIBED AND SWORN to before me this 18ᵗʰ day of September , 2023 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-23
Certificate No: 15-3221-2




1 of 1

**EXHIBIT D**

Electronically Filed
10/6/2023 11:30 AM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER**
Nevada Bar No. 8071
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
ranalliservice@ranallilawyers.com
Attorneys for Defendant,
*WALGREEN, CO.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LANCE J. MATTHEWS, | ) |
| | ) |
|       Plaintiff, | ) CASE NO.: A-23-877280-C |
| | ) DEPT. NO.: XVI |
| vs. | ) |
| | ) |
| WALGREEN CO, a foreign | ) |
| Corporation; ROE STAIN REMOVER | ) |
| MANUFACTURER; DOES I through | ) |
| X, and ROE CORPORATIONS II | ) |
| through X, inclusive, | ) |
| | ) |
|       Defendants. | ) |
| | ) |

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

///

///

///

///

1

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2340 WEST HORIZON RIDGE PARKWAY, #100*
*HENDERSON, NEVADA 89052*
*TELEPHONE: (702) 477-7774 FAX: (702) 477-7778*

WALGREEN CO.:                    $223.00

**TOTAL FEES REMITTED:          $223.00**

Dated this 6<u>th</u> day of October, 2023.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

/s/ Jason Andrew Fowler

_____

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER**
Nevada Bar No. 8071
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC**, and that on the 6th day of October, 2023, I caused the foregoing **INITIAL APPEARANCE FEE DISCLOSURE** to be served as follows:

[X]  pursuant to N.E.F.C.R. Rule 9 and Administrative Order

   14-2, by sending it via electronic service:

David J. Churchill, Esq.
Jolene J. Manke, Esq.
**Injury Lawyers of Nevada**
4100 Meadows Lane
Las Vegas, Nevada 89107
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**

/s/ Sonia Arevalo

_____
**An Employee of
RANALLI ZANIEL FOWLER & MORAN, LLC.**

3

# EXHIBIT E

Electronically Filed
10/6/2023 11:30 AM
Steven D. Grierson
CLERK OF THE COURT

1    **ANS**
     **GEORGE M. RANALLI, ESQ.**
2    Nevada Bar No. 5748
     **JASON ANDREW FOWLER**
3    Nevada Bar No. 8071
     **RANALLI ZANIEL FOWLER & MORAN, LLC**
4    2340 W. Horizon Ridge Parkway
     Suite 100
5    Henderson, Nevada 89052
     ranalliservice@ranallilawyers.com
6    Attorneys for Defendant,
     *WALGREEN, CO.*

7
                          **DISTRICT COURT**

8
                       **CLARK COUNTY, NEVADA**

9    LANCE J. MATTHEWS,              )
                                     )
10           Plaintiff,              )CASE NO.: A-23-877280-C
                                     )DEPT. NO.: XVI
11   vs.                            )
                                     )
12   WALGREEN CO, a foreign          )
     Corporation; ROE STAIN REMOVER )
13   MANUFACTURER; DOES I through    )
     X, and ROE CORPORATIONS II      )
14   through X, inclusive,           )
                                     )
15           Defendants.             )
                                     )
16   ────────────────────────────────

17        __DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT__

18        **COMES NOW**, Defendant, WALGREEN CO, by and through their

19   attorneys, GEORGE M. RANALLI, ESQ. and JASON ANDREW FOWLER,

20   ESQ., of the law offices of RANALLI ZANIEL FOWLER & MORAN, LLC,

21   and for their Answer to Plaintiff's Complaint on file herein

22   admits, denies, and alleges as follows:

23        This answering Defendant denies each and every allegation

24   contained in Plaintiff's Complaint on file herein, save and

1

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

except for those matters that are expressly addressed hereinafter.

**THE PARTIES**

1. Answering Paragraphs 1, 4, 5, and 6 of Plaintiff's Complaint, this answering Defendant states that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

2. Answering Paragraph 2 of Plaintiff's Complaint, this answering Defendant admits, upon information and belief, each and every allegation contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it currently operates a Walgreen store located at 2400 E. Tropicana Avenue in Clark County, Nevada that provides prescription services, over-the-counter remedies, health and wellness and other products but is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the remaining allegations contained therein and, therefore, denies the same.

**JURISDICTION AND VENUE**

4. Answering Paragraph 7 of Plaintiff's Complaint, this answering Defendant admits that based upon it is operating a store located at 2400 E. Tropicana Avenue in Clark County, Nevada it is subject generally speaking to the jurisdiction of

2

the Clark County Courts but is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the remaining allegations contained therein and, therefore, denies the same.

### FACTS COMMON TO ALL CAUSES OF ACTION

5. Answering Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, and 16 of Plaintiff's Complaint, this answering Defendant states that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

### FIRST CAUSE OF ACTION

### (Negligence)

6. Answering Paragraph 17 of Plaintiffs' Complaint, this answering Defendant repeats and re-alleges each and every answer to all preceding paragraphs and incorporates the same by reference as though fully set forth at length herein.

7. Answering Paragraphs 18, 21, 22, 23, and 24 of Plaintiff's Complaint, this answering Defendant states that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

///

///

///

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

8. Answering Paragraphs 19, 20, 20a, 20b, 20c, 20d, 20e, 20f, 20g, 20h, 25, 26, and 27 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The incident alleged in the Complaint, and the resulting damages, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of Defendant, and said negligence further bars or limits Plaintiff's recovery.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to mitigate his damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

The occurrences referred to in the Complaint, and all damages, if any, resulting there from, were caused by the acts or omissions of third parties and/or Co-Defendants over whom answering Defendant had no control.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

### FIFTH AFFIRMATIVE DEFENSE

Attorney's fees are only recoverable through contract or by statute and are not recoverable as damages in a lawsuit for personal injury damages. Plaintiff's claims for attorney's fees and costs as alleged in Plaintiff's Complaint are not recoverable herein and have been improperly pled in Plaintiff's Complaint. Defendant specifically reserves the right to have Plaintiff's improperly pled claim for attorney's fees dismissed prior to trial.

### SIXTH AFFIRMATIVE DEFENSE

An unforeseeable incapacity/sudden emergency as a bar to liability in negligence are based upon the principle that one is not negligent if an unforeseeable occurrence or sudden emergency causes an accident and/or injury.

### SEVENTH AFFIRMATIVE DEFENSE

If any damages are awarded to Plaintiff, they should be apportioned among the Defendants according to their percentage of liability and/or among the various accidents and/or pre-existing conditions.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is not joint and severally liable and is only severally liable, if liable at all.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred and/or diminished by the doctrines of waiver, laches, estoppel and/or unclean hands.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has released and discharged this Answering Defendant from all obligations which this Answering Defendant owed him.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred on the grounds that this Answering Defendant's services, materials and/or conduct referred to in the Complaint were not a substantial factor in bringing about the injuries and damages complained of by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any special damages herein for failure to specifically allege the items of special damages claims, pursuant to NRCP 9(g).

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims and contentions of Plaintiffs as contained in the Complaint are barred by virtue of the fact that, to the extent such acts are proven, these Answering Defendants have performed those acts and/or omissions attributed to them pursuant to, and in conformance with Nevada law and any applicable statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant, not being fully advised as to all facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord

and satisfaction, arbitration and award, discharged and bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, lack of notice, lack of prior similar incidents, lack of temporal proximity to prior similar incidents, lack of geographic proximity to prior similar incidents, consent to combat, mutual consent, assumption of risk, superseding criminal act, unforeseeable criminal act, unforeseeable risk of criminal act, unforeseeable harm, highly unreasonable or highly unusual act of third party or Plaintiff in response to situation, unforeseeable superseding cause, unforeseeable negligence of the Plaintiff or a Third Party, license, payment, reasonable conduct of defendant, release res judicata, statute of frauds, and other contract defenses including but not limited to failure of contract formation, absence of privity, Plaintiff's lack of standing, absence, lack or failure of consideration, illusory promises, absence of mutual assent, mutual mistake and/or unilateral mistake wherein Plaintiff was aware of the mistake, misrepresentation and/or fraud, failure to perform, unconscionability, improper delegation of duties and/or assignment of rights, nonoccurrence of condition precedent, excuse, and discharge by performance, impossibility, impracticability, frustration, illegality, recision, modification, novation, release, cancellation, substituted contract, account stated, lapse, operation of law including but not limited to running of the statute of

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

limitations, and/or occurrence of condition subsequent, consent of the Plaintiffs, unwilful intoxication, mistaken consumption, un-knowing consumption, forced intoxication by deceit, self-defense, that Plaintiffs have granted Defendant's an easement either expressly or implied in fact, that the conditions complained of were so open and obvious that Plaintiffs or their predecessors in interest consented to them, that any damages claimed by Plaintiffs are the fault of underlying contractors, construction companies, developers or laborers over whom Defendants had no control or authority and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that all or part of the damages being claimed in this matter is barred by the doctrine of accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute or limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has pled inconsistent claims for relief and/or remedies such that one or more necessarily negate on or more claims for relief and/or remedies necessarily negates one or more of their other claims for relief and/or remedies and

8

therefore Plaintiff must make an election between the inconsistent claims for relief and/or remedies.

### EIGHTTEENTH DEFENSE

Answering Defendant is informed and believe that Plaintiff has failed to preserve evidence of the extent of the damages, if any, in this case and Plaintiff's recovery is therefore barred or limited for spoliation of evidence.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred and/or diminished by the doctrines of consent, waiver, absolute privilege, conditional privilege, laches, estoppel and/or unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has released and discharged this Answering Defendant from all obligations which this Answering Defendant owed him.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is entitled to an off-set for any monies received by Plaintiff, including, but not limited to, medical payments and bodily injury liability coverage as a result of the accident out of which this matter arises, as defined by contract.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant, by his words or conduct or both, has knowingly and voluntarily waived any rights he might have had under the circumstances alleged in his Complaint.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

That to whatever extent answering Defendant's actions were in any way responsible for any of the conditions that which Plaintiff complains, which this answering Defendant specifically denies, any such action on the part of the Defendant was in reliance upon the actions of Plaintiff and Plaintiff is therefore stopped from making any claim.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege and cannot pursuant to NRCP 11 allege that answering Defendant used any unlawful force or committed any unlawful act and therefore the Complaint herein must be dismissed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege any conduct by answering Defendant constituting committing an unlawful act and therefore the Complaint herein must be dismissed.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent any physical contact was made by any Defendant or nonparty with Plaintiff same was undertaken with the express or implied consent of Plaintiff, barring any recovery in this matter.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent any physical contact was made by any Defendant or non-party with Plaintiff same was undertaken in self-defense, barring any recovery in this matter.

10

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent any physical contact was made by any Defendant or nonparty with Plaintiff same was undertaken as a result of a threat of force, which was imminent, unlawful and resulted in an actual and reasonable belief that danger existed and force was necessary to avert danger, and said force was necessary, barring any recovery in this matter.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent any physical contact was made by any Defendant or nonparty with Plaintiff same was undertaken as a result of a provocation, an overt act of hostility resulting in a reasonable belief that imminent peril necessitated self-defense, barring any recovery in this matter.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent any physical contact was made by any Defendant or nonparty with Plaintiff same was undertaken to defend others or defend property, barring any recovery in this matter.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

These Answering Defendants cannot be held civilly liable for the criminal acts of third parties and/or co-defendants to which they were not a conspirator, co-conspirator or participant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to NRCP Rule 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar

11

as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, Defendant reserves the right to amend their Answer to allege additional affirmative defenses or withdraw certain affirmative defenses if subsequent investigation warrants.

**PRAYER FOR RELIEF**

**WHEREFORE,** this answering Defendant prays for judgment as follows:

1.   That Plaintiff takes nothing by way of his Complaint on file herein;

2.   That Plaintiff's Complaint be dismissed with prejudice;

3.   For reasonable attorney's fees incurred in the defense of this action; and

4.   For such other and further relief as the Court may deem just and proper.

DATED this 6th day of October, 2023.

RANALLI ZANIEL FOWLER & MORAN, LLC

/s/ Jason Andrew Fowler

_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
*Attorneys for Defendant*

*RANALLI ZANIEL FOWLER & MORAN, LLC*
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC**, and that on the 6<u>th</u> day of October, 2023, I caused the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served as follows:

[X] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

David J. Churchill, Esq.
Jolene J. Manke, Esq.
**Injury Lawyers of Nevada**
4100 Meadows Lane
Las Vegas, Nevada 89107
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**

/s/ Sonia Arevalo

_____
**AN EMPLOYEE OF**
**RANALLI ZANIEL FOWLER & MORAN, LLC**

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

# EXHIBIT F

Electronically Filed
10/6/2023 11:30 AM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER**
Nevada Bar No. 8071
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
ranalliservice@ranallilawyers.com
Attorneys for Defendant,
*WALGREEN, CO.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LANCE J. MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: A-23-877280-C |
| | ) DEPT. NO.: XVI |
| vs. | ) |
| | ) |
| WALGREEN CO, a foreign | ) |
| Corporation; ROE STAIN REMOVER | ) |
| MANUFACTURER; DOES I through | ) |
| X, and ROE CORPORATIONS II | ) |
| through X, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEMAND FOR JURY TRIAL**

Defendant, WALGREEN CO., by and through its attorneys of record, GEORGE M. RANALLI, ESQ. and JASON ANDREW FOWLER, ESQ., of the law firm of RANALLI ZANIEL FOWLER & MORAN, LLC, hereby demands a jury

///

///

///

1

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 WEST HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

trial of all of the issues in the above-entitled matter.

Dated this <u>6th</u> day of October, 2023.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

/s/ Jason Andrew Fowler

_____

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER**
Nevada Bar No. 8071
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC,** and that on the 6<u>th</u> day of October, 2023, I caused the foregoing **DEMAND FOR JURY TRIAL** to be served as follows:

[X]  pursuant to N.E.F.C.R. Rule 9 and Administrative Order

14-2, by sending it via electronic service:

David J. Churchill, Esq.
Jolene J. Manke, Esq.
**Injury Lawyers of Nevada**
4100 Meadows Lane
Las Vegas, Nevada 89107
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**

/s/ Sonia Arevalo

_____
**An Employee of
RANALLI ZANIEL FOWLER & MORAN, LLC.**

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 WEST HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778